UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JUAN VEGA, on Behalf of Himself and on Behalf of All Others Similarly Situated | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 1:17-CV-49 |
| V. | § § | |
| POINT SECURITY, LLC DBA POINT SECURED, LLC, BRIAN FINCH, AND TODD FINCH, | § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**COLLECTIVE ACTION & JURY DEMAND**

### I. SUMMARY

1. Plaintiff Juan Vega (hereinafter "Plaintiff") brings this lawsuit as a collective action against Defendants Point Security, LLC DBA Point Secured, LLC, Brian Finch and Todd Finch ("Defendants") for violating the Fair Labor Standards Act ("FLSA"). Plaintiff seeks to represent all similarly situated workers who were subject to the same illegal pay practices as Plaintiff.

2. Under the FLSA, workers employed on a "piece rate" are entitled to overtime. The applicable regulation provides:

> When an employee is employed on a piece-rate basis, the regular hourly rate of pay is computed by adding together total earnings for the workweek from piece rates and all other sources (such as production bonuses) and any sums paid for waiting time or other hours worked (except statutory exclusions). This sum is then divided by the number of hours worked in the week which such compensation was paid, to yield the pieceworker's "regular rate" for that week. For overtime work the pieceworker is entitled to be paid, in addition to the total weekly earnings at this regular rate for all hours worked, a sum equivalent to one-half this regular rate of pay multiplied by the number of hours worked in excess of 40 in the week.

1

29 C.F.R. § 778.111(a)

3. Despite the clarity of this regulation, Defendants did not follow it. Instead, Defendants paid Plaintiff and its other installation technicians nothing but a piece rate for their work and disregarded its obligation to pay overtime.

4. Defendants' compensation policies violate the FLSA which requires non-exempt employees, such as Plaintiff and the Class Members, be compensated at one and one-half times their true rate of pay for all hours worked over forty (40) in a workweek. Defendants owe its employees back pay, liquidated damages, attorneys' fees and court costs.

5. Defendants implemented the same pay policies for dozens of other workers. Therefore, Plaintiff sues on behalf of himself and all other similarly situated employees pursuant to 29 U.S.C. § 216(b). He requests that the court authorize a notice to be sent to all similarly situated employees so that they can be informed of this action and to apprise them of their right to join this lawsuit.

## II. SUBJECT MATTER JURISDICTION AND VENUE

6. This court has federal question jurisdiction over the subject matter of this action per 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the Fair Labor Standards Act, 29 U.S.C. § 216(b).

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events forming the basis of this action, including many of the wrongs herein alleged occurred in this District.

8. Defendants' corporate office is in this District.

### III. PARTIES AND PERSONAL JURISDICTION

9. Plaintiff Juan Vega is an individual currently residing in Harris County, Texas. His written consent to this action is attached hereto as Exhibit "A."

10. The Class Members are all of Defendants' current and former "installation technicians" who worked during any week in the three-year period prior to the filing of this lawsuit.

11. Defendant Point Security, LLC DBA Point Secured, LLC is a limited liability company organized under the laws of Utah and headquartered in Hutto, Texas. Defendant may be served process through its registered agent Incorp Services, Inc., 815 Brazos, Suite 500, Austin, Texas 78701.

12. Defendant Brian Fitch is the owner of Point Security, LLC DBA Point Secured, LLC and can be served at his personal residence of 2761 Deep River Cir., Round Rock, Texas 78665.

13. Defendant Todd Fitch is the owner of Point Security, LLC DBA Point Secured, LLC and can be served at his personal residence of 5299 W. Hwy. 29, Georgetown, Texas 78628.

14. Defendant does business throughout Texas, including this District.

### IV. FLSA COVERAGE

15. In an FLSA case, the following elements must be met: (1) the existence of an employment relationship; (2) that Plaintiff was engaged in commerce or employed by an enterprise engaged in commerce; (3) that Defendant failed to pay Plaintiff overtime/minimum wage; and (4) that Plaintiff is owed the amount claimed by a just and reasonable inference. *See, e.g., Jones v. Willy, P.C.*, Civil Action No. H-08-3404, 2010 WL 723632, at *2 (S.D. Tex. Mar. 1, 2010) (citing 29 U.S.C. § 207(a) and *Harvill v. Westward Commc'ns, L.L.C.,* 433 F.3d 428, 439 (5th Cir. 2005)).

16. At all material times, Defendants have been an employer within the meaning of 3(d) of the FLSA of both Plaintiff and the Class Members. 29 U.S.C. § 203(d).

17. "The Supreme Court has made clear that the FLSA extends federal control 'throughout the farthest reaches of the channels of interstate commerce.'" *Alvarez v. Amb-Trans Inc.,* 2012 WL 4103876 *2 (W.D. Tex., 2012), (citing *Walling v. Jacksonville Paper Co.,* 317 U.S. 564, 567). "The Fifth Circuit has also emphasized that no de minimis rule applies to the FLSA; any regular contact with commerce, no matter how small, will result in coverage." *Alvarez*, 2012 WL 4103876 *2 (*Citing Marshall v. Victoria Trans. Co., Inc.,* 603 F.2d 1122, 1124 (5th Cir.1979)).

18. "The FLSA protects employees who fall under either of two types of coverage: (1) 'enterprise coverage,' which protects all those who are 'employed in an enterprise engaged in commerce or in the production of goods for commerce,' or (2) 'individual coverage,' which protects those who are individually 'engaged in commerce or in the production of goods for commerce,' regardless of whether the employer constitutes an enterprise." *Duran v. Wong* 2012 WL 5351220, *2 (S.D. Tex., 2012); *See also*, 29 U.S.C. § 207(a)(1); *See also Martin v. Bedell,* 955 F.2d 1029, 1032 (5th Cir. 1992) (*"Either* individual *or* enterprise coverage is enough to invoke FLSA protection.").

19. Both the individual and enterprise coverage are applicable in this case.

20. First, with regards to individual coverage, the FLSA states that if the employee is "engaged in commerce or in the production of goods for commerce," individual coverage applies. 29 U.S.C. § 207(a)(1). "In determining whether an employee is engaged in interstate commerce within the meaning of the FLSA, the Fifth Circuit applies a 'practical test.'" *Aberle v. Saunders MEP, Inc.,* 2011 WL 2728350, *3 (E.D.Tex., 2011) (*citing Sobrinio v. Medical Ctr.*

*Visitor's Lodge, Inc.,* 474 F.3d 828, 829 (5th Cir. 2007)). "Any regular contact, no matter how minimum, will result in coverage under the FLSA. *Id*. (*citing Marshall v. Victoria Transp. Co.,* 603 F.2d 1122, 1124 (5th Cir. 1979)); (*See also*, *Sobrinio,* 474 F.3d at 829). "The employee's work must be "entwined with the continuous stream of interstate commerce.'" *Id*. (citing *Marshall,* 603 F.2d at 1125). "A key factor in determining if a plaintiff engaged in commerce for purposes of individual coverage under the FLSA is whether such activities were a 'regular and recurrent' part of the plaintiff's employment duties." *Id*. (*citing,* 29 C.F.R. 776.10(b)).

21. At all material times, Plaintiffs were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

22. Here, Defendants employed Plaintiff and the Class Members as installation technicians. Plaintiff's and the Class Members' regular job duties consisted of serving customers and installing security equipment, such as sensors, keypads, and cameras that moved through interstate commerce.

23. Second, with regards to enterprise coverage, the FLSA states that it applies to "employees of enterprises that (1) have other employees engaged in interstate commerce and (2) have an annual gross volume of business equal to or in excess of five hundred thousand dollars." *Aberle,* 2011 WL 2728350, *3, (citing, 29 U.S.C. § 203(s)(1)(A)).

24. Here, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory minimum.

25. In addition to Plaintiffs, Defendants have employed numerous other employees, who like Plaintiffs, are installation technicians engaged in interstate commerce. Further, Defendants themselves engaged in interstate commerce because they orders supplies across state lines, conducts business deals with merchants across state lines, advertises on the internet with

companies based in other states, processes customers' credit cards with banks in other states, and sells equipment that moved across state lines.

26. Moreover, the Fair Labor Standards Act ("FLSA") defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee." 29 U.S.C. § 203(d).

27. The statutory definition of "employer" includes corporate officers, participating shareholders, supervisors, managers, or other employees where that individual exercises some supervisory authority over employees and is responsible in whole or in part for the alleged violation. *See id.*; *Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 329 (5th Cir. 1993); *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971-72 (5th Cir. 1984).

28. Defendants Brian and Todd Fitch are the owners of Defendant Point Security, LLC DBA Point Secured, LLC.

29. Defendants Brian and Todd Fitch are involved in the day-to-day business operation of Defendant Point Security, LLC DBA Point Secured, LLC.

30. Defendants Brian and Todd Fitch have directly given work orders regarding business operations to Plaintiff.

31. Defendants Brian and Todd Fitch controlled the Plaintiffs' business schedules.

32. As owners of Point Security, LLC DBA Point Secured, LLC, Defendants Brian and Todd Fitch had final authority over the content of employee handbooks.

33. Defendants Brian and Todd Fitch approved Plaintiff's raises and bonuses.

34. As owners Defendants Brian and Todd Fitch has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on

the business's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

35. As such, Defendants Brian and Todd Fitch are the employers of the Plaintiff and Class Members within the meaning of 3(d) of the FLSA, and is jointly, severally, and liable for all damages.

## V. FACTS

36. Defendant Point Security LLC provides security monitoring and security equipment to its business and residential customers. Defendants' corporate office is in Hutto, Texas and Defendants operate throughout the region from offices in San Antonio, Houston, Dallas/Fort Worth, and Waco/Killeen.

37. Defendants sells security equipment, such as alarm systems, motion detectors, and cameras. To install this equipment, Defendants employs installation technicians such as Plaintiff and the Class Members.

38. Plaintiff worked for Defendants from 2014 to July of 2015. He worked for Defendants installing security equipment throughout southeast Texas.

39. Installation technicians are responsible for installing the security equipment that Defendants' customer's purchase from Defendants. Their work includes climbing ladders and running cable to physically install equipment.

40. The primary duty of installation technicians is, as their job title suggests, installation work.

41. For their labor, Defendants pay its installation technicians on a piece rate system that pays a certain amount for each type of installation performed (i.e., a two camera job)

7

or for each service call. The amount of compensation on this system does not vary regardless of the amount of time worked.

42. Plaintiff and other installation technicians work an extensive amount of overtime. Defendants required Plaintiff, for example, to appear at his assigned warehouse at 6 a.m. each work day to collect his equipment for that day's assigned jobs. His work days then extended late into the evening, often until 7 or 8 p.m. He was also required to work 5 or 6 days a week, a scheduling which routinely produced work weeks in excess of 60 or 70 hours. Other installation technicians worked similar hours. Despite working so much overtime, they were paid for none of it.

43. That its installation technicians work so many overtime hours should be no surprise to Defendants. Defendant schedules its installation technicians to work theses hours and tracks the daily work of every technician through a cell phone application that its installation technicians use to report when they begin a job, complete a job, and are in route to their subsequent job.

44. In addition to not paying overtime, Defendants also does not pay the minimum wage. Defendants required their installation technicians to use a company truck to complete their work, however Defendants required their technicians to pay for their own work related fuel and routine maintenance of the truck, such as oil changes. Given the breadth of Defendants' service area, technicians commonly drive hundreds of miles a week and accordingly incur hundreds of dollars in fuel and maintenance costs.

45. Under the FLSA and its accompanying regulations, an employer must pay minimum and overtime wages "unconditionally" and "free and clear" of any reductions. 29 C.F.R. § 531.35. This rule applies to situations in which an employee is required to "kick back" a portion

of the employee's wage, directly or indirectly, to the employer or another party for the employer's benefit. The expenses Plaintiff and the Class Members incurred to operate Defendants' vehicles, which were operated exclusively for Defendants' benefit, constitute an illegal kickback within the ambit of 29 C.F.R. § 531.35 in the weeks when those payments reduced the effective hourly rate below the minimum wage.

46. Defendants knew that its installation technicians were not exempt yet deliberately and intentionally or with reckless disregard for the law, ignored the requirement to pay overtime.

## VI. COLLECTIVE ACTION ALLEGATIONS

47. Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all installation technicians employed by Defendants during any work week in the last three years.

48. Plaintiff has actual knowledge, through his own work experience and through interaction with his fellow installation technicians that a class of similarly situated workers exist who have been subjected to Defendants' policy of failing to pay overtime.

49. Class Members are similarly situated to Plaintiff in that, at least during one work week in the relevant period, they worked overtime hours for Defendants without additional compensation being paid as required under the FLSA.

50. Defendants' failure to pay overtime or the minimum wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on personal circumstances of individual Class Members.

51. The experience of Plaintiff, with respect to his employment classification and pay, is typical of other installation technicians across Defendants' business.

52. The specific job titles or precise job responsibilities of each Class Member does not foreclose collective treatment.

53. Like Plaintiff, all Class Members are non-exempt workers entitled to receive overtime.

54. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Class Members.

55. The names and addresses of the Class Members are available from Defendants' records. To the extent required by law, notice will be provided to these individuals by first class mail, email, a court authorized website or by the use of techniques and a form of notice similar to those customarily used in representative actions.

56. Although the exact amount of damages may vary among the individual Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

57. The class of similarly situated employees is properly defined as follows:

**The Class Members are all technicians employed by Defendants during any work week during the three years prior to the initiation of this lawsuit.**

## VII. CAUSE OF ACTION

### COUNT ONE
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME
### (COLLECTIVE ACTION)

58. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

59. This cause of action arises from Defendants' violation of the FLSA for the failure to pay Plaintiff and Class Members overtime.

60. For each hour worked in excess of forty (40) each week, Plaintiff and Class Members were entitled to be paid one and one-half times their regular rate of pay. 29 U.S.C. § 207.

61. By failing to pay overtime based on that formula, Defendants have violated and continues to violate the FLSA.

62. No exception contained in the FLSA, its implementing regulations, or recognized by any court of the United States permits an employer in the position of Defendants to skirt its obligation to pay overtime to an employee similarly situated in the position of Plaintiff and Class Members.

63. Defendants' failure to pay overtime to Plaintiff and Class Members, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA. As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

### COUNT TWO
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY MINIMUM WAGE
### (COLLECTIVE ACTION)

64. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

65. At all times relevant to this action, the FLSA required Defendants to pay at least $7.25 an hour for every hour its worked. 29 U.S.C. § 206(a).

66. As described herein, Defendants failed to pay Plaintiff and the Class Members the minimum wage for all hours worked.

67. Defendants' failure to pay the minimum wage to Plaintiff and Class Members, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not

violate the FLSA. As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

## VIII. WAGE DAMAGES SOUGHT PURSUANT TO 29 U.S.C. § 216(b)

68. Plaintiff and Class Members are entitled to recover their unpaid overtime premiums and unpaid minimum wage compensation for the three years preceding the filing of this complaint to the present.

69. Plaintiff and Class Members are entitled to recover an equal amount of their unpaid overtime premiums and unpaid minimum wage compensation as liquidated damages.

70. Plaintiff is also entitled to recover his attorneys' fees and costs, as required by the FLSA.

## IX. JURY DEMAND

71. Pursuant to his rights under the Constitution of the United States, U.S. CONST. amend VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

## X. PRAYER FOR RELIEF

72. For these reasons, Plaintiff respectfully request that judgment be entered in favor of himself and the Class Members, awarding them:

   a. Overtime compensation for all hours worked in excess of forty (40) hours per week at the rate of one and one-half times their regular rates of pay;

   b. Unpaid minimum wages;

   c. An equal amount of their unpaid overtime premiums and unpaid minimum wages as liquidated damages, as allowed under the FLSA;

   d. Reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA; and

   e. Such other and further relief to which Plaintiff and Class Members may be entitled, both in law and in equity.

Respectfully submitted,

By: /s/ Beatriz Sosa-Morris
Beatriz-Sosa Morris
SOSA-MORRIS NEUMAN
ATTORNEYS AT LAW
BSosaMorris@smnlawfirm.com
Texas State Bar No. 24076154
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8844
Facsimile: (281) 885-8813

LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS