**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JUAN VEGA, on behalf of himself** | § | |
| **and all others similarly situated** | § | |
| | § | |
| **V.** | § | **A-17-CV-049-LY** |
| | § | |
| **POINT SECURITY, LLC DBA POINT** | § | |
| **SECURED, LLC, et al.** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
         UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Motion for Conditional Certification of a Collective Action

and Authorization for Notice (Dkt. No. 15); Defendant's Response (Dkt. No. 19); and Plaintiff's

Reply (Dkt. No. 21). The District Court referred the motion to the undersigned for a report and

recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules.

**I.  GENERAL BACKGROUND**

This is a collective action brought pursuant to the Fair Labor Standards Act. The Plaintiff,

Juan Vega was employed as an installation technician for Point Security from 2014 until July of

2015.  Dkt. No. 1.  Point Security provides security monitoring and security equipment to business

and residential customers.  Its corporate office is in Hutto, Texas and it has additional offices in San

Antonio, Houston, Dallas/Fort Worth, and Waco/Killeen.  Point Security sells security equipment,

such as alarm systems, motion detectors, and cameras, and it employs installation technicians to

install this equipment.  An installation technician's regular job duties consist of installing security

equipment, such as sensors, keypads, and cameras at the homes and businesses of Point Security

customers.  Installation technicians are paid at a "piece rate" of a defined amount for each type of

installation performed, or set rate for each service call, or at a flat weekly rate—whichever was higher. Dkt. No. 1 at ¶ 41; Dkt. No. 15 at 1. Installation technicians are provided a company truck to complete their work, but are required to pay for maintenance and gas for the trucks themselves, which Vega alleges costs hundreds of dollars per month. Dkt. No. 1 at ¶ 44. Vega alleges that he and other installation technicians regularly work in excess of 60 hours per week. Dkt. No. 1 at ¶ 42.

Vega alleges Point Security failed to pay installation technicians overtime, in violation of 29 U.S.C. § 207, and failed to pay them the minimum wage, in violation of 29 U.S.C. § 206(a). Vega further alleges that the expenses Vega and other installation technicians incurred to operate Point Security trucks, in the weeks when those payments reduced the effective hourly rate below the minimum wage, constitute an illegal kickback in violation of 29 C.F.R. § 531.35. Vega asserts that Point Security failed to pay overtime for at least 20 other similarly situated installation technicians over the last three years. Dkt. No. 15 at 8. In his motion now before the Court, Vega moves to conditionally certify a collective action of all current and former Point Security installation technicians who worked for Point Security at any location throughout the United States from three years prior to the date of certification.  He also requests Court authorization to identify and notify potential class members. Defendants respond that Vega has failed to submit adequate evidence of a similarly situated class sufficient to warrant certification.

## II.  ANALYSIS

### A.    Conditional Certification Standard

Section 216(b) of the FLSA allows a suit to be filed by an employee against his employer for unpaid minimum wages or unpaid overtime compensation, either individually or as a collective action on behalf of himself and "other employees similarly situated."

> An action . . . may be maintained against any employer . . . by any one or more
> employees for and in behalf of himself or themselves and other employees similarly
> situated. No employee shall be a party to any such action unless he gives his consent
> in writing to become such a party and such consent is filed in the court in which such
> action is brought.

29 U.S.C. § 216(b).  Putative class members must "opt-in," *i.e.*, affirmatively notify the court of their intention to become parties to the collective action by written consent.  *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995), overruled on other grounds by *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 91-92 (2003). While the FLSA allows an employee to bring a claim on behalf of similarly situated employees, those other employees do not become plaintiffs in the suit unless and until they consent in writing. § 216(b) .

Typically such putative collective class actions proceed in two stages. *See Lusardi v. Xerox Corp.*, 118 F.R.D. 351, 381-82 (D.N.J. 1987) (describing two-step procedure—conditional certification and notice, followed by possible decertification—in putative FLSA cases used by most district courts in the Fifth Circuit). Before notice may issue to potential class members, the court must conditionally certify the class as a collective action. Conditional certification "is not tantamount to class certification under Rule 23." *Genesis Healthcare Corp. v. Symcyk*, 133 S. Ct. 1523, 1532 (2013).  The primary effect of a conditional certification is that a court-approved written notice is sent to similarly situated putative class members, who then may choose to become parties to a collective action by filing a written consent with the court.  *Id.* at 1530, citing 29 U.S.C. § 216(b). Courts have discretion in determining whether to certify a collective action under the FLSA and to authorize notice to similarly situated employees advising them of their right to join such a collective action.  *Mooney*, 54 F.3d at 1213.

At the notice stage, the district court "determines whether the putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 519 (5th Cir. 2010) (citing M*ooney*, 54 F.3d at 1213–14). "Because the court has minimal evidence, the court makes this determination using a fairly lenient standard, [which] typically results in 'conditional certification' of the representative class." *Mooney*, 54 F.3d at 1214. This lenient standard requires only "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id.* at 1214 n.8 (internal citation and citation marks omitted).

A court will customarily make its decision "based only on the pleadings and any affidavits which have been submitted." *Id.* at 1213–14. Generally, to meet its burden a plaintiff must show: (1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in. *Vasquez v. Am. Bor-Trench, Inc.*, 2014 WL 297414, at *3 (S.D. Tex. Jan. 23, 2014) (internal citations and citation marks omitted).[1] In evaluating these elements, courts consider factors such as whether potential plaintiffs were identified, whether affidavits of potential plaintiffs were submitted, and whether evidence of a widespread

---

[1]Some courts have rejected the third element as non-statutory. *See, e.g., Dreyer v. Baker Hughes Oilfield Operations, Inc.*, 2008 WL 5204149, at *3 (S.D. Tex. Dec. 11, 2008) (rejecting argument that FLSA collective action can be certified only if the plaintiff proves that others are interested in opting in to the lawsuit); *Baucum v. Marathon Oil Corp.*, 2017 WL 3017509 (S. D. Tex. July 14, 2017 (declining to apply the third element because it is not statutorily required and conflicts with the Supreme Court's directive that the FLSA be liberally construed to effect its purposes) (quoting *Tony and Susan Alamo Foundation v. Secretary of Labor*, 105 S. Ct. 1953, 1959 (1985)). The Court concurs with this rejection of the third element, although it finds that Vega has submitted evidence, in the form of the Declaration of William Breslin, that other individuals want to opt into the suit. (Dkt. No. 15-11).

discriminatory plan was submitted. *Velazquez v. FPS LP*, 2014 WL 3843639, at *4 (S.D. Tex. Aug. 4, 2014) (internal citations and citation marks omitted). If the court finds that the putative class members were similarly situated under this analysis, then conditional certification is warranted and the plaintiff is given the opportunity to send notice to potential class members. *Id.*

**B.     Evidence in Support of Certification**

Defendants argue that Vega has not submitted adequate evidence to identify a similarly situated class in support of his request to certify a collective action.  In support of his Motion, Vega has submitted his own declaration (Dkt. No. 15-2), an email from Fitch discussing how pay is calculated (Dkt. No. 15-9); a Declaration from William Breslin, a former Point Security installation technician (Dkt. No. 15-11); and various discovery responses from Defendants.

**1.     There is a Reasonable Basis for Crediting Plaintiff's Assertion that Other Aggrieved Individuals Exist**

To satisfy the first element of the test that courts apply at the initial notice stage of the *Lusardi* analysis plaintiff need only show that there is a reasonable basis for believing that other aggrieved individuals exist. *See also Heeg v. Adams Harris, Inc.*, 907 F. Supp. 2d 856, 862 (S.D. Tex. 2012). Attached to plaintiff's motion are his own declaration and that of William Breslin, another former Point Security installation technician.  Both men declare that they and other installation technicians were paid using a piece rate system where they were paid a weekly flat rate or a total piece rate associated with the work during the week and not paid overtime. Both men declare that typical workweeks for installation technicians exceeded 50 to 60 hours and they were not paid overtime.  Additionally, Vega has submitted an email from Travis Fitch corroborating the piece-rate method of payment.  Both men also state that they know other installation technicians who were

paid in the same manner, and worked the same hours as they did, and that these similarly situated former coworkers would be interested in joining in this action. The Court finds that Vega has satisfied the first element of the *Lusardi* test by showing that there is a reasonable basis for believing Vega's assertion that other aggrieved individuals exist.

## 2.     There is a Reasonable Basis for Believing that a Class of Similarly Situated Persons Exists

To satisfy the second element of the test that courts apply at the initial notice stage of the *Lusardi* analysis, a plaintiff must demonstrate a reasonable basis for believing that a class of similarly situated persons exists. *See Heeg*, 907 F. Supp. 2d at 862 (citing *Lima v. International Catastrophe Solutions, Inc.*, 493 F. Supp. 2d 793, 798 (E.D. La. 2007)). "Potential class members are considered similarly situated to the named plaintiff if they are 'similarly situated in terms of job requirements and similarly situated in terms of payment provisions.'" *Id.* (quoting *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007)). "A court may deny plaintiffs' right to proceed collectively if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice." *Id.*

In this case, Vega has submitted sufficient evidence that other employees had similar job duties and pay structures. He has submitted Defendants' admissions in their Answer that Defendants employ installation technicians such as Vega and the class members, and that installation technicians' primary responsibility is installing security equipment. Dkt. No. 6. Further, Defendants concede that Point Security installation technicians have similar job duties. Dkt. No. 15-1. With regard to method of payment, Vega has submitted adequate evidence to support certification. Defendants stated in an Interrogatory Answer that Vega was paid the higher of a base salary or an

amount based upon the number of installations performed.  Dkt. No. 15-1.  Additionally, Vega

submitted his own Declaration and that of Breslin stating that in their personal knowledge from their

own payment and from speaking to other installation technicians, all installation technicians were

paid in the same manner.  Dkt. Nos. 15-2, 15-11.  *See also, Lee v. Metrocare Servs.*, 980 F. Supp.

2d 754, 763-64 (N.D. Tex. 2013) (finding it reasonable to infer at the notice stage that employees

"had personal knowledge of the employment conditions of other [employees] based on their own

observations and experiences during their employment."); *Dyson v. Stuart Petroleum Testers, Inc.*,

308 F.R.D. 510, 514 (W.D. Tex. 2015) (finding that the affiant acquired personal knowledge "by

way of his own employment with the company, as well as specifically inquiring of other workers

concerning their experiences").  These are not circumstances purely personal to Vega, but applicable

to a larger class of employees, and accordingly, Vega has established the second element of the

*Lusardi* analysis.

## 3.    Other Individuals Desire to Opt In

The Vega Declaration and the Breslin Declaration are sufficient to establish that other

aggrieved individuals who are similarly situated desire to opt into the case.  *See Pacheco v. Aldeeb*,

2015 WL 1509570 at *7 (W.D. Tex. Mar. 31, 2015) (two declarations attesting "many" current and

former employees would join lawsuit sufficient basis for conditional certification); *Jones v.

SuperMedia, Inc.*, 281 F.R.D. 282, 291 (N.D. Tex. 2012) (noting that "other courts have allowed for

class certification without either the submission of statements from similarly situated employees, or

affidavits from named plaintiffs that provide specific information about other employees"); *Tolentino

v. C & J Spec–Rent Servs. Inc.*, 716 F. Supp. 2d 642, 653 (S.D. Tex. 2010) (two declarations of

similarly situated individuals and complaint sufficient to demonstrate existence of employees who would opt in).

### 4.     Conclusion

Because the evidence before the Court shows that there is a reasonable basis for crediting Vega's assertion that other aggrieved individuals exist, that they are similarly situated to Vega, and at least some of them desire to opt into this case, Vega has provided sufficient evidence to satisfy the first stage of the *Lusardi* analysis.  Accordingly, this matter should be conditionally certified as a collective action under 29 U.S.C. § 216(b) with respect to the following class:

> All current and former installation technicians, who worked for Datapoint Security, LLC, at any location throughout the United States from three years prior to the date of the district judge's order adopting this Report & Recommendation to the present.

### C.     Content of the Notice

Defendants argue that the class notice should only be sent via first class mail, and should not be sent via email and text.  They also contend that no reminder Notice should be allowed. Defendants assert that allowing Vega to contact potential opt in Plaintiffs via methods other than first class mail will "stir up" litigation and risk suggesting to recipients that the Court is placing its imprimatur on them opting into the litigation.  "In exercising the discretionary authority to oversee the notice-giving process, the court must be scrupulous to respect judicial neutrality" and "must take care to avoid even the appearance of judicial endorsement of the merits of the action." *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989). However, in the world of 2017, email and cell phone numbers are a stable, if not primary, point of contact for the majority of the U.S. population, and thus that using email and texts to notify potential class members is entirely appropriate.

With regard to the reminder notice, the circuits are split as to whether such notices are proper in collective FLSA actions. *Garcia v. TWC Admin., LLC*, No. 2015 WL 1737932 at *6 (W.D. Tex. Apr. 16, 2015) (citing *Guzelgurgenli v. Prime Time Specials, Inc.*, 883 F. Supp. 2d 340, 357–58 (E.D.N.Y. 2012)). Courts often require the plaintiff to identify reasons why a reminder notice is necessary in the particular case. *Guzelgurgenli*, 883 F. Supp. 2d at 358. Though Vega has identified several general reasons why a reminder notice would be convenient, Vega has not stated any reason particular to this case that supports the necessity of a reminder notice. Accordingly, the undersigned recommends that the district judge deny the request for a reminder notice at this time but allow Vega the opportunity to renew his request if he has evidence demonstrating its necessity.

Defendants also object to the following two portions of the proposed Notice and Consent forms submitted by Vega:

1.    Paragraph 2 because it confuses Defendants' denial of the claims made by Plaintiff. Specifically, Defendants object to the phrase "Point acknowledges that its installation technicians are entitled to overtime."

2.    Defendant objects to Paragraph 4 because it unnecessarily cites to the statute of limitations to bring a claim under the Fair Labor Standards Act, contending that the information is unnecessary to notify potential opt-in plaintiffs of their rights to bring their claims individually.

The Court agrees with both points. The first statement could be read not only to mean that Point Security agrees that installation technicians were *eligible* for overtime, but also that they in fact did work overtime hours and Point Security owes them additional wages as a result. The statement regarding the statute of limitations is not needed to notify the potential class members of their right to opt in, and risks appearing to be a statement by the Court encouraging individuals to act and opt

9

into the case. Accordingly, attached to the this Report and Recommendation is a revised version of the proposed notice and consent forms, edited to be consistent with the Court's findings here.

### III.  RECOMMENDATION

Based upon the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** Plaintiff's Motion for Conditional Certification of a Collective Action and Authorization for Notice (Dkt. No. 15) and conditionally certify this matter as a collective action under 29 U.S.C. § 216(b) with respect to all current and former installation technicians who worked for Defendant Point Security, LLC at any location throughout the United States from three years prior to the date of this Order to the present.

The undersigned **FURTHER RECOMMENDS** that the District Court **ORDER** that Defendants shall provide counsel for Plaintiff with the names, positions, dates of employment, all personal addresses, telephone numbers (home and mobile) and all personal email addresses for the class members as defined above ("Class List"). Defendant shall provide such information in a computer-readable format within 10 days of the date of this Order. Plaintiff's counsel shall mail a copy of the "Notice of Rights and Consent Form" (as revised in the attached document, and with the highlighted fields completed accordingly) via regular U.S. Mail and via electronic mail to all persons contained on the Class List within ten (10) days of receiving the Class List.  Simultaneous with the first mailing, Plaintiff's counsel shall send a text message to the Class Members with a link to the Notice of Rights and Consent Form. Class Members shall also be given the option to execute their Consent Forms electronically online. All consent forms shall be returned to Plaintiff's counsel who in turn will be responsible for filing them with the Court. The Class Members shall have 60 days from the date of the mailing of the Notice to file their Notice of Consent opting-in to this lawsuit as

plaintiffs.  Further, Defendants are hereby prohibited from communicating, directly or indirectly, with any current or former installation technician about any matters which touch or concern the settlement of any outstanding wage claims or other matters related to this suit during the opt-in period.  Defendants shall so instruct all of their branch managers. This order shall not restrict Defendants from discussing with any current employee matters that arise in the normal course of business.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 13th day of September, 2017.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE