**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **JUAN VEGA, on Behalf of Himself and on Behalf of All Others Similarly Situated** | § § § | |
| | § | **CIVIL ACTION NO. 1:17-CV-49-LY** |
| **Plaintiff,** | § § | |
| **V.** | § § | |
| **POINT SECURITY, LLC DBA POINT SECURED, LLC, BRIAN FITCH, AND TODD FITCH,** | § § § § | |
| **Defendants.** | § § | |

### SETTLEMENT AND INDEMNITY AGREEMENT AND RELEASE

This Settlement and Indemnity Agreement and Release **("Agreement")** is voluntarily made and entered into on the date of the last signature hereto **("Effective Date")** by and between Juan Vega on behalf of Himself and on Behalf of All Others Similarly Situated **("Plaintiff")** and Point Security, LLC DBA Point Secured, LLC, Brian Fitch, and Todd Fitch **(**collectively **"Defendants")** in connection with the lawsuit bearing Civil Action No.: 1:17-cv-49 styled *Juan Vega, on Behalf of Himself and on Behalf of All Others Similarly Situated v. Point Security, LLC DBA Point Secured, LLC, Brian Fitch, and Todd Fitch* and pending in the United States District Court, Western District of Texas – Austin Division **("Lawsuit")**. Plaintiff and Defendants are hereinafter sometimes referred to as a **"Party"** and/or collectively as the **"Parties."** Plaintiff and Defendants, by and through their undersigned counsel, hereby agree as follows:

1. Bona fide disputes and controversies exist between the Parties, both as to liability and the amount thereof, if any, and damages and the amount thereof, if any. Because of such disputes and controversies, Plaintiff and Defendants now desire to compromise, settle, and fully and

Exhibit 1

finally release, by the execution of this Agreement, all claims and causes of action, including all claims and causes of action for wages and/or unpaid overtime under the Fair Labor Standards Act **("FLSA")**.  The Parties acknowledge and agree that the resolution of the dispute forming the basis of the Lawsuit is not a mere compromise of guaranteed substantive rights under the FLSA.

2. This Agreement finally and fully resolves, settles, releases, and discharges all claims asserted by Plaintiff in the Lawsuit against Defendants, including any claims for unpaid overtime compensation, liquidated or other exemplary damages, compensatory or non-pecuniary damages, attorneys' fees and costs, as well as all claims which could have been asserted, by Plaintiff, in the Lawsuit and/or against Defendants through the Effective Date of this Agreement.

3. This Agreement does not constitute an admission by either Party of any violation of any law or statute, and the Parties agree that neither this Agreement nor the furnishing of consideration will be deemed or construed for any purpose as an admission of liability or wrongful conduct of any kind by either Party.

4. In consideration for Plaintiff's agreement to finally and fully resolve, settle, release, and discharge all claims, whether under the FLSA or otherwise, including, but not limited to, any claim for unpaid overtime compensation, liquidated or other exemplary damages, compensatory or non-pecuniary damages, attorneys' fees and costs, or any other claim for relief asserted or which could have been asserted by Plaintiff in the Lawsuit and/or through the Effective Date of this Agreement, Defendants agree to a total settlement in the amount of Twenty Two Thousand Five Hundred Dollars ($22,500.00)**("Settlement Sum")**.  The Settlement Sum was determined based upon the number of workweeks that Plaintiff, William Breslin, and Gilbert Becker (collectively the **"Settlement Class"**) worked as installation technicians for Defendants and then discounted due to the future viability and uncertainty of the litigation and Defendant's financial

condition.  The Parties have calculated the Settlement Awards in this Lawsuit based on time and pay records that Defendants produced during the Lawsuit.

5. The Parties agree that the Settlement Sum is to be allocated and paid as follows:

    a. Defendants will pay Plaintiff and the Settlement Class the total sums as follows:

        Juan Vega:  $4,163.01

        William Breslin:  $6,854.59

        Gilbert Becker:  $1,237.40

        Checks in these amounts to Plaintiff and the Settlement Class will be delivered to Plaintiff's counsel within 14 days of Court approval of this settlement.

    b. Defendants will pay to the law firm of Sosa-Morris Neuman, PLLC the total sum of $10,245.00 as full and complete compensation for attorneys' fees and as compensation for costs and expenses arising out of the Lawsuit within 14 days of Court approval of this Agreement.  The Parties agree that such sum is full and complete satisfaction of any and all fees, costs, and expenses for which Plaintiff's counsel may be entitled in connection with the Lawsuit, including any fees incurred in the execution of this Agreement and processing of the payments to be made hereunder after the Effective Date.  The amount set forth in this paragraph will be the exclusive payment of fees, costs, and expenses made by Defendants to Plaintiff's counsel.  This amount shall be the only money paid by Defendants to Plaintiff's counsel arising out of claims that were asserted or that could have been asserted in this Lawsuit and/or through the Effective Date against Defendants on behalf of Plaintiff or the Settlement Class, as those individuals are identified in paragraph 5a above.

6. The Parties agree that 100% of the Settlement Sum and Settlement Awards shall be classified as miscellaneous income and Defendants shall issue 1099s for all payments distributed to Plaintiff, Plaintiff's counsel, and those members of the Settlement Class who properly claim a Settlement Award.  Plaintiff, Plaintiff's counsel, and any member of Settlement Class shall be responsible for any applicable taxes on the respective amounts received.

7. The Parties agree to execute and file all necessary motions, stipulations, and other necessary papers dismissing all claims asserted by any Party in the Lawsuit with prejudice no

later than ten (10) days after the Effective Date of this Agreement, including but not limited to the following:

a. Joint Motion for Approval of FLSA Settlement and Stipulation of Dismissal of Lawsuit with Prejudice, a copy of which is attached hereto as Exhibit "A";

b. Agreed Order Approving FLSA Settlement and Stipulation of Dismissal of Lawsuit with Prejudice, a copy of which is attached hereto as Exhibit "B."

8. In consideration of the foregoing and the mutual promises stated herein, Plaintiff, in his individual capacity as well as on behalf of any and all spouses, children, siblings, relatives, heirs, executors, administrators, successors, assigns, beneficiaries, agents, representatives, attorneys, and/or any other person or entity in privity with, acting on behalf of, or through, any of the above, fully, completely, and without reservation releases, acquits, and forever discharges Defendants, along with their respective agents, servants, employees, trustees, partners, representatives, officers, directors, predecessors, heirs, successors, assigns, insurers, attorneys, companies, subsidiaries, owners, and affiliates from any and all claims or causes of action of any kind, whatsoever, asserted or which could have been asserted in the Lawsuit, which Plaintiff has or might have, known or unknown, now existing or which previously accrued up to the Effective Date of this Agreement, asserted or unasserted, fixed or contingent, liquidated or unliquidated, arising from, relating to, or resulting from any act, omission, event, occurrence, representation, obligation, or transaction from the beginning of time through the Effective Date of this Agreement related to the Lawsuit and Plaintiff's alleged employment with Defendants.

9. Plaintiff herein contractually agrees to not file or re-file on behalf of himself, or any other individual, entity, and/or class of individuals, any of the claims asserted or which could have been asserted in the Lawsuit and/or any of the claims which have been released herein against

Defendants in any federal or state court, and/or with any federal, state, or local administrative or regulatory agency.

10**.**     Each Party to this Agreement shall have the right to pursue all legal remedies available to that Party for any breach or threatened breach of this Agreement.

11.     It is understood and agreed by the Parties that this Agreement shall be binding upon and inure to the benefit of the respective Parties, and their legal representatives, successors, and assigns.

12.     It is understood and agreed by the Parties that this Agreement contains the entire agreement between the Parties, and supersedes any and all prior arrangements, agreements, or understandings between the Parties regarding the Lawsuit and/or Plaintiff's alleged employment with Defendants.

13.     Plaintiff hereby releases Defendants from, and agrees to assume full responsibility for any federal, state, or local tax consequences arising under and/or out of this Agreement. **PLAINTIFF COVENANTS AND AGREES TO DEFEND, INDEMNIFY, AND HOLD HARMLESS DEFENDANTS FROM AND AGAINST ANY TAXES, FINES, PENALTIES, INTEREST, SUITS, CLAIMS, DEMANDS, LIENS, PROCEEDINGS, AND OTHER LIABILITIES ARISING OUT OF PAYMENTS RECEIVED FROM THE SETTLEMENT OF THIS LAWSUIT, PROVIDED, HOWEVER, THAT DEFENDANT IS RESPONSIBLE FOR PROPERLY WITHHOLDING AND PAYING DEFENDANTS' SHARE OF TAX LIABILITY, IF ANY.**  Plaintiff acknowledges and agrees that Defendants and/or their legal counsel have made no representations regarding the proper tax treatment of the payments set forth in this Agreement.

14.     The Parties hereto warrant and represent to each other: (a) that they were represented by attorneys in connection with the negotiation and execution of this Agreement and the drafting of the Agreement was a joint effort; (b) that they have read and understand all aspects of this Agreement and all of its effects; (c) that they have executed this Agreement as a free and voluntary act of their own free will without any threat, force, fraud, duress, or coercion of any kind; (d) that they do not and have not relied upon any promise, inducement, representation, or statement made by any of the Parties, or their agents, representatives, or attorneys about the subject matter, meaning, or effect of this Agreement that is not stated in this document, and that the only consideration to be paid under this Agreement is that which is expressly stated herein; and (e) that the consideration paid herein is all the consideration that Plaintiff and/or Plaintiff's counsel shall ever receive arising from, concerning, or relating to the Lawsuit and/or Plaintiff's alleged employment with Defendants.

15.     This Agreement is entered into by Plaintiff in his individual capacity, and as class representative.  All terms contained herein have been agreed to by the class representative on behalf of the Settlement Class and all terms are applicable to all members of the Settlement Class who participate in the settlement.

16.     The Parties agree that should a Party to this Agreement sue another Party to this Agreement for a breach of any provision of this Agreement, the prevailing Party shall be entitled to recover its attorneys' fees and costs of court from the other Party.  The Parties hereby agree that each Party shall have the right to sue for specific performance of this Agreement, and declaratory and injunctive relief.

17.     One or more waivers of a breach of any covenant, term, or provision of this Agreement by any Party shall not be construed as a waiver of a subsequent breach of the same covenant,

term, or provision, nor shall it be considered a waiver of any other then existing proceeding, or subsequent breach of a different covenant, term, or provision.

18.     If any provision of this Agreement is held to be illegal, invalid, or unenforceable, or is found to be against public policy for any reason, such provision shall be fully severable; and, this Agreement shall be construed and enforced as if such illegal, invalid, or unenforceable provision had never been part of this Agreement, and the remaining provisions of this Agreement shall remain in full force and effect and shall not be affected by the illegal, invalid, or unenforceable provision, or by its severance from this Agreement.  Furthermore, in lieu of each such illegal, invalid, or unenforceable provision, there shall be added automatically another provision as similar to the illegal, invalid, or unenforceable provision as may be possible, and be legal, valid, and enforceable.

19.     This Agreement is performable in the State of Texas and shall be governed and construed according to the laws of the State of Texas, except where preempted by federal law.  The proper forum and venue for any dispute over this Agreement shall be a court of competent jurisdiction in Austin, Travis County, Texas.

*[signature page follows]*

_____

JUAN VEGA, INDIVIDUALLY AND AS CLASS REPRESENTATIVE


POINT SECURITY, LLC DBA POINT SECURED, LLC

_____

By:_____

Its:_____

_____
BRIAN FITCH

_____
TODD FITCH

_____
JUAN VEGA, INDIVIDUALLY AND AS CLASS REPRESENTATIVE


POINT SECURITY, LLC DBA POINT SECURED, LLC

_____
By: Brian Fitch

Its: COO / Managing Member

_____
BRIAN FITCH

_____
TODD FINCH